IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 13-cv-1110 |
| LEWIS MEYER JACOBS, | : |
| | : |
| Defendant. | : CRIMINAL ACTION |
| | : |
| | : No. 11-cr-474-01 |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                                              **August 28, 2013**

This case is now before the Court on Defendant/Petitioner's Habeas Corpus Motion Under 28 U.S.C. § 2255 (ECF No. 21). For the reasons set forth below, the Petitioner's Motion is DENIED.

The Petitioner has also made several other motions, including to proceed in forma pauperis (ECF No. 30), for appointment of counsel (ECF No. 29), and to reduce his sentence pursuant to 18 U.S.C. § 3582(c) (ECF No. 33). Although we GRANT the motion to proceed in forma pauperis, the remaining motions are DENIED.

Finally, the Government has moved to dismiss the habeas petition (ECF Nos. 24, 32). These motions are DENIED AS MOOT in light of the denial of the petition.

**I. BACKGROUND**

In September 2011, the Petitioner, Lewis Meyer Jacobs, pleaded guilty to two counts of an information which charged him

1

with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). On March 8, 2012, this Court sentenced the Petitioner to a total of 60 months imprisonment,[1] a $200 special assessment, $328,717 in restitution, and 36 months of supervised release. The Court also entered a forfeiture money judgment against the Petitioner in the amount of $1,261,080.00.

On March 1, 2013, the Petitioner filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 with this Court. In the petition, he asserts a Sixth Amendment ineffective assistance of counsel claim. Specifically, the Petitioner asserts that his counsel rendered ineffective assistance because he was unable to secure a downward departure from the Petitioner's Sentencing Guidelines range based on the Petitioner's serious medical conditions and assistance to law enforcement agencies.

The charges against the Petitioner, a licensed physician, stemmed from his issuance of fraudulent prescriptions for controlled substances in exchange for cash. The Government charged him in an information filed on August 24, 2011. The Petitioner ultimately pleaded guilty to both crimes charged

---

[1] The Sentencing Guidelines Range applicable to the Petitioner called for 87 months to 108 months of incarceration. (See Government's Sentencing Mem. at 3; Def.'s Sentencing Mem. at 1.)

against him in the information.

## II. STANDARD

Section 2255 of Title 28 of the United States Code provides an avenue for individuals under federal custody to challenge their sentences. To succeed in such a challenge, the petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The Petitioner's constitutional claim stems from an alleged Sixth Amendment violation. The Supreme Court of the United States has long recognized that the right to counsel under the Sixth Amendment and the Due Process Clauses is crucial to protecting the fundamental constitutional guarantee of a fair trial. See Strickland v. Washington, 466 U.S. 668, 684-85 (1984). In order to establish that counsel's assistance was indeed ineffective, a petitioner must meet both elements of the two-pronged test established in Strickland. First, a petitioner must establish that counsel not only erred, but that counsel's errors were considerable enough to undermine the proceedings to such an extent that the outcome cannot be relied upon as fair and just. Id. at 687. Second, it must also be established that counsel's actions prejudiced the defendant and deprived defendant

of a fair and reliable trial.  Id. at 687.  "Not every 'error by counsel, even if professionally unreasonable, . . . warrant[s] setting aside the judgment of a criminal proceeding.'"  Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (quoting Strickland, 466 U.S. at 691).  A petitioner must demonstrate that counsel's error was prejudicial and that there is a reasonable probability that were it not for the error the outcome of the proceeding would have been different.  Id. at 197-98.

As to the Petitioner's claimed sentencing error, "a defendant who fails to object to errors at sentencing and subsequently attempts to raise them on direct appeal must demonstrate cause and prejudice for that failure. . . . [The] cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."  United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (superseded by rule in non-relevant part) (internal quotations omitted); see also United States v. Mannino, 212 F.3d 835, 839 (3d Cir. 2000).  "In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim."  Essig, 10 F.3d at 979 (internal quotations omitted).  "[I]neffective assistance of counsel . . . is cause."  Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

The Petitioner also seeks relief pursuant to 18 U.S.C. § 3582(c). "Congress has generally prohibited district courts from modifying a term of imprisonment once it has been imposed." United States v. Savani, ___ F.3d ___, 2013 WL 2462941, at *4 (3d Cir. June 10, 2013). A limited exception to this general rule of finality exists in 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) therefore imposes two substantive requirements on prisoners seeking a sentence reduction. First, the defendant must have been "sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, the sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.; see also U.S.S.G. § 1B1.10(b)(1) (policy statement).

**III. DISCUSSION**

The Petitioner asserts his entitlement to habeas relief based on constitutionally ineffective assistance of counsel. The

5

Petitioner has waived his right to file this challenge, so we must deny his requested relief. Even if we considered his claim on the merits, we would conclude that it does not warrant habeas corpus relief.

## A. Waiver of Right to File Collateral Challenge

As a threshold matter, the Petitioner has waived his right to challenge his sentence in this proceeding. In both the plea agreement to which he agreed and at his change of plea hearing, the Petitioner acknowledged that he waived his right to, among other things, appeal his sentence directly or challenge it on collateral review. (See Plea Tr. at 12:20-14:25.) Such a waiver is enforceable if it (1) was knowing and voluntary, and (2) does not work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008).

The Petitioner presents no basis for this Court to conclude that he did not validly waive his right to file this collateral challenge, that any of the exceptions for non-waivable claims apply, or that the waiver works a miscarriage of justice, nor, on this record, can this Court discern one. This Court continues to conclude that the Petitioner knowingly and voluntarily waived his right to file this collateral challenge. Moreover, given that the record discloses no error in the Petitioner's sentencing proceedings and no meritorious claim for habeas relief, see discussion infra, we conclude that the enforcement of the waiver

6

works no miscarriage of justice. See United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001) (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)) (identifying as relevant to relieving criminal defendant of appellate waiver, "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."). An enforceable waiver of his right to file this proceeding at all therefore precludes both the Petitioner from seeking habeas relief in this proceeding and this Court from granting the Petitioner such relief.

B.  Merits

Even if we ignored the Petitioner's waiver of his right to bring this proceeding at all and considered his claim on the merits, it would still fail. The Petitioner claims that his counsel rendered constitutionally ineffective assistance when he did not persuade this Court to depart downward from his Sentencing Guidelines Range to account for the Petitioner's serious medical conditions or his substantial assistance to law enforcement. The record unambiguously demonstrates that this Court did depart downward from the Petitioner's Guidelines Range. The Petitioner's Guidelines Range called for a prison sentence of

7

between 87 and 108 months. (See Government's Sentencing Mem. at 3; Def.'s Sentencing Mem. at 1.) This Court sentenced the Petitioner to 60 months' incarceration. Any claim that this Court erroneously did not depart downward lacks any merit. Moreover, even if this Court had sentenced the Petitioner to a term of incarceration within his Guidelines Range, the Petitioner has not identified any deficiency in his counsel's performance which would enable this Court to revisit that sentence on collateral review. Habeas relief is not proper.

C. Section 3582(c) Relief

The Petitioner also asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the amendments to the Sentencing Guidelines which revised the Guidelines Ranges for cocaine base offenses. The Petitioner pleaded guilty to conspiracy to distribute and distribution of oxycodone, not cocaine base. Accordingly, he was not "sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). He is therefore ineligible for relief pursuant to § 3582(c)(2).

**IV. EVIDENTIARY HEARING**

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the

issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Based on the analysis above, we conclude that the motion, files, and records of this matter conclusively show that the Petitioner is not entitled to relief on any of his claims. Accordingly, we dispose of the petition without need for an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, we conclude that reasonable jurists could not find the resolution of Petitioners's claims debatable or wrong. Accordingly, the Court will not grant the Petitioner a certificate of appealability with respect to his claims for habeas corpus relief.

## VI. CONCLUSION

As discussed above, the Petitioner has no viable claim for habeas corpus relief on any of the grounds raised. Therefore, the Petitioner's request for habeas relief is denied. Although the

9

Petitioner is granted the right to proceed <u>in forma pauperis</u>, we deny his motions for appointment of counsel and for a reduction in sentence.  Finally, the Government's motions to dismiss the Petitioner's habeas petition are denied as moot in light of the denial of the petition.  An appropriate order follows.